IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLE CREAL, VICTOR GUZMAN, DONNIE CREAL, DARTANYAN LAYNE, BRANDON CALDWELL, JAMES TISDALE and DEWAYNE MILLER on behalf of themselves and other similarly situated persons known and unknown,<br>　　　　　　Plaintiffs<br>　　v.<br>STAFFING SOLUTIONS SOUTHEAST, INC. d/b/a PROLOGISTIX, and HOME DEPOT U.S.A., INC.,<br>　　　　　　Defendants. | Case No. 13 cv 7592<br><br>Magistrate Judge Maria Valdez |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT AND FOR APPROVAL OF CLASS CERTIFICATION, FORM AND MANNER OF CLASS NOTICE, AND SCHEDULING OF FAIRNESS HEARING FOR FINAL APPROVAL OF SETTLEMENT**

　　Plaintiffs, on behalf of themselves and a class of similarly situated persons employed by Defendant Defendants Staffing Solutions Southeast, Inc., d/b//a Prologistix, ("Prologistix"), to work at Home Depot U.S.A., Inc., ("Home Depot") (collectively "Defendants")., move this Court for an order preliminarily approving the Parties' Class Action Settlement (hereinafter, the "Settlement Agreement") and an order approving class certification for settlement purposes, the form and manner of class notice, and scheduling a Fairness Hearing for final approval of settlement. In further support of this Unopposed Motion, Plaintiffs state as follows:

　　1.　　The settlement or compromise of a class action requires district court approval. Fed.R.Civ.P. 23(e); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997). The law encourages settlement of class actions, and a voluntary settlement is the preferred method of class action resolution. *Isby, et al. v. Bayh, et al.,* 75 F.3d 1191, 1196 (7th Cir. 1996).

　　2.　　In ruling on a motion for preliminary approval of a class action settlement, the

1

district court must determine whether the proposed settlement is within a "range of reasonableness," such that sending notice to the class is warranted. *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 319 (N.D. Ga. 1993) ("in assessing the settlement, the Court must determine whether it falls within the range of reasonableness, not whether it is the most favorable possible result in the litigation") (internal citations omitted). If the proposed agreement presents no apparent defects or other indicia of unfairness, then the court should direct that notice of a fairness hearing be given to the class members, where evidence and argument may be presented for and against the proposed settlement. *Staton v. Boeing Co., Inc.,* 327 F.3d 938 (9th Cir. 2003).

   3. As explained in detail in Plaintiffs' supporting memorandum of law, the Parties' Stipulation of Settlement meets these factors and should be preliminarily approved.

   WHEREFORE, Plaintiffs respectfully request that the Court enter a Final Order approving the Parties' Class Action Settlement.

Respectfully Submitted,

Dated: March 19, 2015

s/Christopher J Williams
Christopher J. Williams
Alvar Ayala
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121

Attorneys for Plaintiff**s**