IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLE CREAL, VICTOR GUZMAN, DONNIE CREAL, DARTANYAN LAYNE, BRANDON CALDWELL, JAMES TISDALE and DEWAYNE MILLER on behalf of themselves and other similarly situated persons known and unknown, <br><br>     Plaintiffs <br><br>  v. <br><br>STAFFING SOLUTIONS SOUTHEAST, INC. d/b/a PROLOGISTIX, and HOME DEPOT U.S.A., INC., <br><br>     Defendants. | Case No. 13 cv 7592 <br><br> Magistrate Judge Maria Valdez |

**ORDER GRANTING PRELIMINARY APPROVAL**

  Kyle Creal, Victor Guzman, Donnie Creal, Dartanyan Layne, Brandon Caldwell, James Tisdale, and Dewayne Miller ("Named Plaintiffs"), on behalf of themselves and other similarly situated persons (the "Class") have moved for preliminary approval of a proposed class action settlement. After reviewing the parties' proposed Class Action Settlement Agreement, together with the proposed Notice of Class Action Settlement, Claim Form and other attachments thereto, as well as the Plaintiffs' Unopposed Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the parties, the Court finds and orders as follows:

  1.  The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the "Class Action Settlement Agreement" ("Settlement Agreement") is fair, reasonable and adequate. The Settlement is the result of arm's-length negotiations between

2

experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2. The Court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary approval and finds that the proposed Settlement Class is proper and should be provisionally certified. Solely for the purposes of the proposed Settlement, the following Settlement Class is hereby provisionally certified for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23 as follows: the Class Representatives and all persons who were employed by Prologistix and assigned to work at either of the Home Depot facilities located at 1070 Wyndham Parkway, Romeoville, Illinois, or 901 Carlow Drive, Bolingbrook, Illinois, at any time between November 26, 2012 and February 5, 2015, inclusive.

3. Solely for the purposes of settlement, the Court finds that: (1) the Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; and (4) the Class Representatives will fairly and adequately protect the interests of the Settlement Class. Further, for purposes of settlement only, the Court finds that the proposed Settlement Class meets the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3). Certification of the Class for settlement purposes is the best means of protecting the interests of all of the Class Members.

4. Solely for the purposes of the proposed Settlement, the Court preliminarily approves Christopher J. Williams and Alvar Ayala of Workers' Law Office, P.C. as Class Counsel. The Court also hereby preliminarily approves the Named Plaintiffs as the Class Representatives.

5. The Court appoints Settlement Services Inc. as the Claims Administrator.

6. The Court approves, as to form and content, the proposed Claim Form and Notice of Class Action Settlement and Claim Form attached to the Settlement Agreement as Exhibits B and C, respectively. The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

7. A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on August 11, 2015 at 10:15 a.m., in Courtroom 1041 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Class Action Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for Enhancement Payments to be made to the Class Representatives.

8. No later than 14 calendar days after the Court enters the Preliminary Approval Order, Defendants shall transmit their respective contributions towards the Settlement Amount by wire transfer (or other appropriate means) to the Claims Administrator for deposit into the Settlement Account. If the Court decides not to enter a Final Approval Order and Judgment for any reason, then the entire amount in the Settlement Account, including any interest earned on that amount, will be returned to Defendants, less any Administration Costs expended up to that point. No other funds shall be added to or comingled with the Settlement Account. In no event shall the Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the Settlement Account except as expressly provided in this Settlement Agreement.

9. With respect to the Settlement Account, the Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

10. The Settlement Account, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

11. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order and Judgment, Named Plaintiff and all Class Members and anyone acting on behalf of any Class member shall be barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class or collective action basis any action, claim or proceeding against Defendants in any forum in which any of the Released State Law Claims or Released Collective Action Claims (as defined in the Settlement Agreement) are asserted, or which in any way would prevent any such claims from being extinguished.

12. All Class Members who fail to exercise their right to Opt-Out of the Settlement Class shall be bound by all determinations and judgments in the Class Action Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13. All Class Members who wish to receive settlement proceeds must complete and mail the Claim Form to the Claims Administrator no later than July 6, 2015, (the "Claim Deadline") as specified in the Settlement Agreement. Any Class Member who does not submit a timely and materially complete Claim Form will not receive a Settlement Payment.

14. All Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline. The written objection must be sent to the Claims Administrator and postmarked on or before this date.

15. Any Class Member who wishes to be excluded (Opt-Out) from the Settlement Class and not participate in the proposed Settlement must complete and mail a Request for Exclusion to the Claims Administrator no later than the Claim Deadline, as specified in the Settlement Agreement.

16. Any Class Member may enter an appearance in the Class Action Litigation, at his or her own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance or Opt-Out of the Settlement Class will be represented by Class Counsel.

17. Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Class Action Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees and costs should or should not be awarded to Class Counsel, or why the Class Representatives should or should not receive extra compensation in the form of Enhancement Payments; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Class Representatives' or the attorneys' fees and costs awarded to Class Counsel, unless that Class Member has, no later than the Claim Deadline, served by first class mail on the Claims Administrator written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as

5

incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

18. All papers in support of the Settlement shall be filed and served no later than seven (7) days prior to the Final Approval Hearing.

19. In the event that the Effective Date (as explained in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

20. The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

21. To the extent any prior order of this Court related to this Court action is inconsistent with the activities contemplated by the Settlement Agreement, said orders are hereby modified so as to allow the activities contemplated by the Settlement Agreement until such time as the Settlement is finally approved or deemed null and void.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:** **April 7, 2015**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**